Battle, J.
 

 It does not appear that any objection was taken in the Court below to the license under which the defendant acted, upon the ground that it was not sufficiently definite as to the place at which the spirituous liquors were to be retailed. It is urged here, that the town of Smithfield embraces too large a space to constitute the
 
 one place
 
 in the County at which the license may authorise the spirits to be sold. The Act does not specify the extent of the place, and in giv • ing it a reasonable construction, in that particular, we hold that a town may be named in the license as the place, though it is very clear that the person obtaining it could not carry on his business at more than one place in the same town.
 

 There has been no objection, either in the Court below, or here, to the license, because of its authorising two persons to retail as partners. Such, we understand, has always been the practice, and we will not now question it. The Act, indeed, speaks of “ a person,” and requires of him proof of his good moral character, before he can obtain a license. This might seem to indicate that a license could be granted to one person only, and not to a number of copartners. But it will be seen that the Revenue Act uses similar language with respect to merchants and jewellers, among whom copartnerships are so common that we cannot, for a moment, suppose that the tax on several persons trading together as partners, was intended to be different from that on a single trader. Furthermore, in
 
 *180
 
 the section in which a tax is imposed upon pedlers, it is expressly provided, that one license shall not authorise two or more persons to peddle goods, &c., together as partners.
 

 It being established, then, that the license was properly granted to the defendant and another person, authorising them to retail spirituous liquors by the small measure for one year,, in the town of Smithfield, as ¡lartuers, we cannot perceive any good reason why the withdrawal of one of them from the concern should prevent the other from carrying on the business at the same place, under the same license. The State will not thereby be defrauded of her revenue; because the tax has already been paid. The interest of the qmblic cannot be affected by the change; because it will be the same to the customers of the dram-shop, whether they be served by one, or by two persons. It will not authorise an improper person to retail; because the moral qualifications of the retailer have already been examined into and passed upon by the County Court. In this respect it differs essentially from the case of an assignee, or of the qiersonal representative of a licensed person, claiming the right to sell under the license. Such claim would be rejected, for the obvious reason, that the claimant would not have the sanction of the County Court. But that reason would not apply to the case of a surviving partner, and does not apply to the case of the present defendant, who is a remaining partner. Eor these reasons, we are of opinion that the Judge, in the Court below, erred in charging the jury that the defendant was guilty; and for such error he is entitled to a
 
 venwe de novo.
 

 Per Curiam.
 

 Judgment reversed.