The decision of this case depends upon the question whether the defendant, when he committed the act of retailing, was the assignee of W. C. Good, or was merely his agent or manager. If he were the assignee, we expressed the opinion arguendo in S. v. Gerhardt,48 N.C. 178, that he could not sell spirituous liquors by the small measure under the license of his assignor, because his moral qualifications had not been examined into and approved by the county court, as required by law. We can see no reason why a licensed retailer may not have a clerk or agent to assist him in his business, he himself remaining liable for the acts and contracts of such clerk or agent, done or made within the scope of his employment. It is a matter of public notoriety that much of the trading with slaves is done in grocery and other stores, and the Rev. Code, ch. 34, sec. 90, evidently contemplates that the owners of such stores may have agents or managers, because it makes certain provisions in relation to them as such. The Keepers of groceries are frequently licensed retailers also, and we have never understood that they cannot have clerks, agents, or managers in the latter, as well as in their other business. W. C. Good had applied for and obtained a license to retail spirits in the town of Morganton for one year. He had paid the State for a valuable privilege, which he was clearly entitled to enjoy for the specified time, unless he should forfeit it by a misuser. Before the expiration of his time he was conscripted and carried off into the military service of his country. He could not longer enjoy his (234) privilege in person, and he could not assign it. Why could he not employ another person to manage the business for him? He would still remain responsible for the good conduct of his agent; and that, it seems to us, makes a difference between such a case and that of an assignee.
The instrument offered in evidence by the defendant showed clearly that he was acting only as agent, and not as assignee. If, indeed, the transaction between the parties was really intended as a sale of the privilege, instead of the appointment of an agent, then it was an attempted fraud, and afforded no protection to the defendant. But the case was not presented to the jury in that view, and the conviction cannot, therefore, be sustained on that ground.
Error.
Cited: S. v. Kittelle, 110 N.C. 565, 568, 588. *Page 143