## UNITED STATES *v.* GLAB.

1. Brewers are included within the prohibition of the statute (14 Stat. 113 ; Rev. Stat., sect. 3232) that no person, firm, company, or corporation shall be engaged in or carry on any trade, business, or profession until he or they shall have paid the required special tax.

2. If such tax for one year has been paid by a firm of brewers, which before the expiration of the year is dissolved by the retirement of one partner, the other may carry on the same trade or business at the same place for the remainder of the year, without again paying such tax or any part thereof.

ERROR to the Circuit Court of the United States for the District of Iowa.

This was a civil action, brought Oct. 24, 1874, to recover the penalty imposed for carrying on the business of a brewer without having paid the special tax therefor required by the act of Congress. The case was submitted on an agreed statement of facts. On May 1, 1873, the defendant and his then partner paid their special tax for carrying on that business. The firm was dissolved August 1 of that year, by the defendant's purchasing the interest of his partner in the business ; and he carried it on at the same place until the first day of May thereafter, without having paid any other tax therefor. The District Court gave judgment for the defendant, which was affirmed by the Circuit Court. The United States sued out this writ, and assigns for error the rendition of the judgment in favor of the defendant.

*Mr. Assistant Attorney-General Smith* for the United States.

The special-tax stamp issued to a firm looks to the transaction of the business by that firm only, and, in the absence of any statutory provision authorizing the use by its successor in business of the tax receipt, the stamp does not exempt from a special tax such successor, whether he is a former member of the firm or not; the stamp being a receipt merely, and not a license, as the court below erroneously regarded it.

There is no provision whereby one person can carry on business under a special-tax stamp issued to another, except in case of death or of removal, named in sect. 3241. The express mention of one thing is the exclusion of others. The specific provision for the cases named in that section may be justly con-

sidered as an intentional omission to provide for any other. The withdrawal of one partner operates as a dissolution of the original firm; and they who continue the business under a partnership subsequently formed constitute a new and different artificial person, subject to special tax from the time of commencing business. This view of the law is sustained by the last clause of sect. 3233, requiring the registration with the collector of the name, &c., of every person engaged in a business upon which a special tax is imposed, which clause provides that, "in case of a firm or company, the names of the several persons constituting the same, and their places of residence, shall be registered." A firm consisting of two persons pays no more special tax than an individual doing the same business; but when it is dissolved, such payment by it exempts neither partner who continues the business from liability to another tax, because each of them is a different " person " from the firm.

Each separate legal entity must be taxed for a specified business conducted at a designated place.

*Mr. Thomas S. Wilson, contra.*

MR. JUSTICE CLIFFORD delivered the opinion of the court.

Brewers are properly regarded as included within the prohibition that no person, firm, company, or corporation shall be engaged in or carry on any trade, business, or profession until he or they shall have paid a special tax therefor in the manner provided in the act containing that prohibition. 14 Stat. 113; Rev. Stat., sect. 3232.

Persons engaged in business subject to such special tax are required to register with the collector of the district their names, style, place of residence, trade, or business, and the place where such trade or business is to be carried on; and the provision is that in case of a firm or company the names of the partners or persons constituting the same and their places of residence shall also be given, but that only one special tax shall be required of a partnership doing business at only one place.

By the record it appears that the suit in this case was commenced in the District Court, and that it was submitted and

tried upon an agreed statement of facts, which is in substance and effect as follows: That the defendant was the senior member of the firm named in the record; that the firm, prior to May 1, 1873, had been engaged in the business of brewing, and that they on that day paid the special tax as brewers of the first class for one year from that date, and took the proper receipt for the payment of the same; that they continued to prosecute the business for about three months thereafter, when the firm dissolved, and the defendant, having purchased the interest of the junior partner in the business, carried on the same in his own name at the same place for the balance of the year covered by the receipt, without again paying a special tax.   Hearing was had, and the District Court rendered judgment for the defendant; and the plaintiffs excepted to the ruling, and removed the cause into the Circuit Court, where the parties were again heard, and the Circuit Court affirmed the judgment of the District Court.

Cases of the kind do not require a new bill of exceptions in the Circuit Court, as the hearing in this court, when the cause is removed here, is upon the bill of exceptions filed in the District Court.   Pursuant to that rule, the cause was removed into this court by the present writ of error, and the plaintiffs assign for error that the judgment which was for the defendant should have been in favor of the plaintiffs.

Licenses were granted in such cases by the prior act, which in substance and legal effect was the same as the act under consideration, except that the term "special tax" is used in the place of the word "license."   13 Stat. 248; 14 id. 113; Rev. Stat., sect. 3232.

Persons, firms, companies, or corporations who manufacture fermented liquors of any name or description, for sale, from malt wholly or in part, or from any substitute therefor, shall be deemed brewers; and the provision is that brewers shall pay a special tax of $100, subject, of course, to the rule that no partnership doing business only at one place shall be required to pay more than one tax.   When any person who has paid the special tax for any trade or business dies, his wife or child, or executors or administrators or other legal representatives, may occupy the house or premises and in like manner carry on,

for the residue of the term for which the tax is paid, the same trade or business as the deceased before carried on in the same house and upon the same premises, without the payment of any additional tax.

Exemption from any additional tax is also allowed when any person removes from the house or premises, for which any trade or business was taxed, to any other place; and in such event the provision is that he may carry on the specified trade or business in the place to which he removes without paying any additional tax under the regulations set forth in the proviso to the same section. Id., sect. 3241.

Enough appears in those provisions to show beyond all controversy that it is not the policy of the legislative department of the government to require the honest manufacturer to pay the special tax twice. Concede that, and still it is contended that the case of the defendant is not within the words of those exemptions, which may be safely admitted; but it is equally clear that the words of the act do not provide that in a case where a firm consisting of two partners have paid the special tax, and one of the firm purchases the interest belonging to the other, that the one who becomes the sole and exclusive owner of the trade or business may not carry on the same trade or business at the same place for the balance of the term for which the tax is paid.

Difficulty undoubtedly would arise if the partner remaining should associate with him another in the place of the outgoing partner, or if any change should be made in the trade or business, or if any change should be made in the place or premises where the trade or business was carried on, or where there was any just ground to conclude that it would open the door to any fraud or imposition, or to any loss of revenue or inconvenience to the revenue officers.

Nothing of the kind is charged in this case, nor is there any ground to suspect any thing of the kind in view of the facts exhibited on the agreed statement. No new member was admitted into the firm when the junior partner went out, nor is it pretended that the retiring partner ever attempted to pursue the business or trade in any other place, which it seems to the court brings the case within the equity of the provision that

the firm, though consisting of several members, may do business at one place without being required to pay more than one special tax.

Suppose the outgoing partner had died before the partnership had been dissolved, no one, it is supposed, would contend that the survivor would be required to pay another special tax for the balance of the term covered by the receipt held by the firm for the tax paid while both partners were in full life, and the court is of the opinion that the equity of the case disclosed in the record is equally strong in favor of the defendant.

Viewed in the light of these suggestions, it is clear that the United States lost nothing by the transaction, and the court is of the opinion that there is no error in the record.

*Judgment affirmed.*