## UNITED STATES v. DAVIS.

*(District Court, E. D. Missouri, E. D.   February 8, 1889.)*

INTERNAL REVENUE—SPECIAL TAX—PARTNERSHIP—RIGHT OF SUCCESSOR.

Rev. St. U. S. § 3234, authorizes a partnership to carry on the business of retailing liquors and cigars upon the payment of but one special tax.  Section 3241 provides that upon the death of one who has paid the special tax his legal representatives may continue the business in the same place, and in the same manner, without the payment of an additional tax, and also that the licensee may, upon removal from the place mentioned in the license, continue the business at the place to which he removed without paying an additional tax.  *Held,* that a member of a firm who has acquired all the interests of the the other members in the firm assets, and succeeded to the business, may carry it on under a license issued to the firm, at a place other than the old place of business of the firm.

Information for Retailing Liquor and Tobacco without paying special tax.

*Thomas P. Bashaw,* U. S. Dist. Atty.

*A. J. Davis, in pro. per.*

THAYER, J.  The only question to be determined in this case is whether a member of a firm who has acquired all the interest of the other members of the firm in the firm assets, and has succeeded to its business, is entitled to do business as a retailer of liquor and manufactured tobacco under a license or special tax receipt issued to the firm before its dissolution, at any other place than the old place of business of the firm.   In the case of *U. S.* v. *Glab,* 99 U. S. 225, it was held that a partner who had succeeded by purchase to the business of the firm might continue to do business for the unexpired term of the license, at the old stand; but it was not expressly determined whether such license could be lawfully transferred, so as to authorize a continuation of the same business by the remaining partners at some other place in the same city or town.   Following some intimations given in that decision, the practice has been, as I am informed, to refuse to allow such transfers, although it is conceded that a firm has the right, if no changes have taken place in its membership, to have its license transferred from one place to another, as its place of business is changed.   I regard the limitation in the respect last noted, upon the right of a remaining partner of a firm who has succeeded to its business to have the firm license transferred, as unwarranted by anything contained in the decision above referred to, or by the statute regulating the collection of special taxes.   Sections 3232–3242 inclusive.[1]  If the remaining member of a firm, in case of dissolution, can use the

---

[1] "Sec. 3234.  Any number of persons doing business in copartnership at any one place shall be required to pay but one special tax."

"Sec. 3241.  When any person who has paid the special tax for any trade or business dies, his wife or child, or executors or administrators, or other legal representatives, may occupy the house or premises, and in like manner carry on for the residue of the term for which the tax is paid the same trade or business as the deceased before carried on, in the same house, and upon the same premises, without the payment of any

firm license at all, he should be permitted to use it in manner and form as the firm might have used it if no dissolution or change had taken place therein. In the case of *U. S. v. Glab*, the defendant had continued the firm business at the old stand, and his right to use the license at that place was the sole question involved in the decision. It is true that some allusion was made to possible difficulties that might arise in applying the law as therein construed, if the remaining partner should associate with him in business another person in place of the outgoing partner, or if a change should be made in the place of business; but I understand the allusion so made to possible difficulties that would occur in the event of a change in the place of business, to refer to difficulties that would be encountered in the event of a dissolution of the firm without any agreement between the partners as to the disposition of the firm assets, including therein its unexpired license. A firm might dissolve, and each partner thereafter assert the right to carry on the business at different places, under a license originally issued to the firm. In that case, as a license only protects a business at one place, the collector would either be compelled to recognize the right of the partner who remained at the old place of business to use the license, or to require each partner to take out a new license. No such difficulty, however, is encountered when, by agreement between the members of a firm, one or more of them retires, and the others are authorized to continue the business and use the old license. In all such cases where there is no controversy between the partners as to the right of the remaining member or members of the firm to use the firm license, and no new members are introduced into the firm to take the place of those who have retired, it is clear that the partner or partners who succeed to the business have the same right that the original firm had to transfer the license in case the place of business is changed to some other street or number in the same town or city.

As was remarked in the case of *U. S. v. Glab*, it is not the policy of the government to require honest dealers to pay a special tax twice, and I may further remark that it is not the policy of the law to place unnecessary restrictions upon the right of a dealer to change his business location. In the case under consideration, I understand that defendant had acquired all the interest of his copartner in the business formerly conducted by himself and William Dalton. He was therefore entitled to carry on the business in his own name as a retail dealer, until May 1, 1889, under the license issued to A. J. Davis and William Dalton, upon having the same duly transferred to No. 2,601 Chouteau avenue, where he proposed to conduct the business after the dissolution of the firm; and it was the duty of the collector to have transferred the license to that number, on a proper application therefor made by the defendant.

additional tax. And when any person removes from the house or premises for which any trade or business was taxed to any other place, he may carry on the trade or business specified in the collector's register at the place to which he removes, without the payment of any additional tax: provided, that all cases of death, change, or removal, as aforesaid, with the name of the successor to any person deceased, or of the person making such change or removal, shall be registered with the collector, under regulations to be prescribed by the commissioner of internal revenue."