CASE 10—INDICTMENT—SEPTEMBER 27.

# Commonwealth v. James.

APPEAL FROM LINCOLN CIRCUIT COURT.

WHERE A LICENSE TO RETAIL LIQUORS IS ISSUED TO A ·FIRM composed of two partners, and one of the partners afterwards buys out the other, who thereupon retires from the business, the license still protects the remaining partner in selling at the place and during the time for which it was issued.

WM. J. HENDRICK, ATTORNEY-GENERAL, FOR APPELLANT.

A license to two as partners *while the partnership continues* will authorize the sale of liquor under the license by either one of the partners. But it will not authorize a sale by one partner in the name of the partnership after the partnership has been dissolved. (Bryant v. Proctor, 14 B. M., 457; Bentley v. White, 3 B. M., 266; McAdams v. Hanes, 9 Bush, 16; Conwell v. Sandidge, 5 Dana, 213.)

W. G. WELCH FOR APPELLEE. .

The withdrawal of one member of a firm to which a license has been issued does not deprive the remaining member of the right to do business under the license, even under a new firm name. (Hill v. Thixton, 13 Ky. L. R., 333; 2 Am. & Eng. Enc..c.' Law, 646 and notes; 13 Am. & Eng. Enc. of Law, 515 and notes.)

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The only question presented on this appeal is whether, when a license to retail liquor has been issued to a firm composed of two partners, and one of the partners has bought out the other who thereupon retires from the business, the license still protects the remaining partner in selling at the place and during the time for which it was issued.

Upon what just ground the retirement of one member of the firm should work a forfeiture of the license we are not

able to perceive.   The remaining partner has parted with no rights, and given up no privileges secured to him by name in the license to the firm.   It is true a license is said to be a personal privilege, depending on the fitness of the licensee to properly exercise the grant.   But it can hardly be supposed that the issual of a license to a firm or partnership is made to depend on the personal fitness of any particular member of the firm over that of any other member.  Rather should we say that the law requires each member to be personally fit before the license should be granted.   And the remaining member is certainly not rendered less fit personally to exercise the privileges of the license because his partner has retired.

Such has been the conclusion of this and the Superior Court with reference to peddlers' licenses. (Hill v. Thixton, 94 Ky., 96.)   And such was the conclusion of the Superior Court in this case on a former appeal by the present appellee.   16 Ky. Law Reporter, 445.

Judgment affirmed.