OF

## THE STATE OF IOWA

AT

## DES MOINES, OCTOBER TERM, A. D. 1899,

AND IN THE FIFTY-THIRD YEAR OF THE STATE.

---

STATE OF IOWA, Appellant, v. WILLIAM ZERMUEHLEN *et al.**

**Protection of Mulct Law:** PARTNERSHIP: *Sale of business by firm to one partner.* Consent given a firm to carry on the liquor business, and a bond given for the firm, and payment of the tax, in accordance with the mulct law, are no protection to one of the members carrying on the business after buying the interest of the other.

*Appeal from Union District Court.*—HON. H. M. TOWNER, Judge.

THURSDAY, DECEMBER 14, 1899.

ACTION to enjoin the defendant, William Zermuehlen and R. Weiss from maintaining a liquor nuisance on premises described. Defendants answered, justifying under what is commonly known as the "Mulct Law," and, upon

---

*The figures on the left of the syllabi refer to corresponding figures on the margin of the case at the place where the point of the syllabi is decided.

trial had, judgment was entered dismissing the petition. The state appeals.—*Modified.*

*Milton Remley*, Attorney General, *John B. Sullivan*, County Attorney, and *R. H. Hanna* for the State.

*D. W. Higbee* and *Sullivan & Sullivan* for appellee.

GIVEN, J.—There is no dispute but that during the time alleged, namely, from July 1 to September 2, 1898, the defendant Zermuehlen did keep a place for the sale of intoxicating liquors in the city of Creston, on the premises described, and sold such liquors therein. It appears that on the 14th day of March, 1898, the firm of Ohlschlager & Co., composed of William F. Ohlschlager and Wm. Zermuehlen, filed a written consent of the resident freeholders owning property within fifty feet of said place with the board of supervisors of the county and the city council of Creston, consenting "that said Ohlschlager & Co. may engage in and carry on such traffic on the premises herein above described, subject to all the provisions of an act entitled 'An act to tax the traffic of intoxicating liquors and regulate and control the same.'" Therewith they filed a "list of names of all persons employed in and about the saloon or place occupied by Ohlschlager & Co. for the sale and keeping for sale of intoxicating liquors," giving the names of said partners and M. A. Stevens. This list was certified as correct by Ohlschlager & Co. They also filed a bond, wherein W. F. Ohlschlager and William Zermuehlen are named as principals, and others as sureties, conditioned that "if the said W. F. Ohlschlager and Wm. Zermuehlen shall well and faithfully observe and keep all the provisions of the said law, and shall well and truly pay any and all damages that may result from the sale of intoxicating liquors upon the premises above described, as provided by said law, then this obligation shall be null and void, otherwise the same shall be and remain in full force and effect." This bond is signed:

"W. F. Ohlschlager. Wm. Zermuehlen,"—and by the sure-
ties. About the first of July, 1898, the defendant Weiss had
negotiations with W. F. Ohlschlager for the purchase of his
interest in the property and business of the firm; but we are
satisfied that these negotiations did not result in an agree-
ment, and that Weiss never in fact acquired any interest in
the property or business. Therefore the petition was
properly dismissed as to him. It appears that on or before
July 15, 1898, the defendant Zermuehlen purchased all the
interest of his partner, Ohlschlager, in the business and
property of the firm; that Ohlschlager retired from the firm
and the business, and that thereafter, up to the commence-
ment of this action, September 2, 1898, the defendant Zer-
muehlen owned and occupied said place for the keeping for
sale and selling intoxicating liquors therein; and that he
there sold such liquors in his own name, and for his own
benefit. It is conceded that Zermuehlen paid the tax in
accordance with the| mulct law up to October 1, 1898.

Question is made as to the sufficiency of the consent and
of the bond, but, in the view we take of the case, it is unnec-
essary that we consider those questions.

I.    Appellee's counsel state the question as follows:
"Now, the question is whether or not Mr. Zermuehlen, buy-
ing out the interest of his co-partner, Mr. Ohlschlager, and
running the business in his own individual name, and paying
the license, does that fact destroy the consent given by the
city council to Ohlschlager & Co., and destroy the bond
given by Ohlschlager & Zermuehlen?" The consent was
that Ohlschlager & Co. might engage in and carry on said
business on the premises described; the list of employes was
of employes of Ohlschlager & Co.; and the bond, whether
technically so or not, was intended as the bond of Ohlschlager
& Co., and for the benefit and protection of that firm. By
the withdrawal of Ohlschlager from the firm it was dis-
solved, and the entity known as Ohlschlager & Co. ceased
to exist. The firm could not have transferred its right to

carry on that business in that place to a stranger, because of the consent and bond that were given, and the tax that was paid. The consent, without which the business was illegal, was to Ohlschlager & Co. alone, and might have been withheld if asked as to any other person, or as to either of the persons composing the firm. It is true that, under the list of employes given by the firm, the defendant Zermuehlen might righfully be engaged in keeping and selling intoxicating liquors in that place,—not, however, for himself and in his own right, nor by virtue of any consent given to him as an individual, but simply as an employe of the firm. If it may be conceded that, being a member of the firm, he was included in the consent, yet it may not have been given because of him, but because of confidence in the other member, or in the two acting together, that the business would be legally conducted. In contemplation of law,—at least, so far as this question is concerned,—the persons composing a firm are as separate and distinct from that firm as any other persons. Surely it cannot be said that consent was given that Zermuehlen might carry on that business in that place in his own name and for his own benefit. For aught we know such consent would have been refused. It is enough to say that the protection afforded by the consent and bond and the payment of the tax was to Ohlschlager & Co. alone, and that by the dissolution of the partnership that company ceased to exist, and that its rights to this protection pertain to it alone, and could not be conferred upon another by transfer or otherwise,—not even upon a member of the firm who might succeed to the business. Our conclusion is that the decree should be AFFIRMED as to the defendant Weiss, and, as to the defendant Zermuehlen, that it should be REVERSED.

GRANGER, J., not sitting.