# Lynch *v.* The State.

*Selling Liquor Without License.*

(Decided Jan. 10, 1906.  39 So. Rep. 912.)

*Intoxicating Liquors; Licenses; Issuance to Firm; Rights of Partner.*—The defendant having purchased his partner's interest in the firm, was authorized to carry on the same business under the license granted to him and his partner to retail liquors.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

The defendant was convicted of retailing without a license. Trial was had on the following agreed statements of facts: That one D. B. Wilkins and Will Lynch, the defendant in the case, paid for and procured a license, both state and county, to carry on business as retail liquor dealers in the city of Bessemer, Jefferson county, Ala. That the said D. B. Wilkins and Will Lynch were understood to be, and were, partners in said business,

and that they did business under the firm name of Wilkins & Lynch. That the license that was issued to them had their names written in it as follows: "D. B. Wilkins and Will Lynch." That they commenced to do business on the date that the license was issued for the balance of the year 1905. That the said firm did business as the firm for some time, when the said D. B. Wilkins sold and transferred his interest in and to said business to W. R. McVay, and he (Wilkins) went out of and left the business. That the said McVay never took charge of nor attempted to do business under said license, but at once after the transfer of Wilkins' interest to him transferred the same to Will Lynch, this defendant. That this defendant, Will Lynch, continued to carry on and run said business without other license than that issued to D. B. Wilkins and Will Lynch as aforesaid. That this prosecution is brought against said Lynch for carrying on said retail liquor business aforesaid after Wilkins had retired from the firm as aforesaid.

W. S. WELCH, for appellant.—It being admitted that Wilkins and Lynch had a valid license, it is prima facie presumed that the law has been complied with in its procurement.—*Russell v. State*, 77 Ala. 89. Each member of a firm must qualify as required by law before license will issue, so then each member is qualified and authorized to retail in the same place.—§§ 3520-24, code 1896 and citations; *Long v. State*, 97 Ala. 32; *Shaw v. State*, 56 Ind. 188; *Lovejoy v. Commonwealth*, 13 Ky. Law Rep. 967. The word, person or party means firm as well.—22 A. & E. Ency. of Law, pp. 233-738. A license to a firm will protect each member thereof.—*Shiff v. State*, 84 Ala. 454. Where a retail license has been issued to a firm and one of the members buys out the other, the license protects the remaining partner in selling at the same place, and during the time for which it was issued.—*Commonwealth v. James*, 98 Ky. 30; *Hill v. Thixton*, 94 Ky. 96; *State v. Gearhardt*, 3 Jones L. 178; *U. S. v. Gladden*, 99 U. S. 225; *James v. Commonwealth*, 16 Ky. Law, 445; *U. S. v. Davis*, 37 Fed. 468; *St. Charles*

*v. Hackman,* 133 Mo. 645; *Hickley v. Insurance Co.,* 140 Mass. 38.

MASSEY WILSON, Attorney General, for the State.— The court correctly gave the affirmative charge for the State. A license to one partner conferred no authority on the partner or a partnership.—*Long v. State,* 27 Ala. 32; *Stallings v. Lee,* 123 Ala. 464. The acts of Lynch can, in no sense, be the acts of the partnership, and the license to the partnership was a personal permit or privilege to be exercised in the manner and by the persons to whom it was granted.—*Powell v. State,* 69 Ala. 10; *Wharton v. King,* 69 Ala. 365. Charge A, requested by defendant was properly refused.—*Townsend v. State,* 137 Ala. 91. As the affirmative charge was properly given for the state, the refusal of charges to the defendant was without error.—*Parrish v. Stateft,* 139 Ala. 16.

ANDERSON, J.—Although it is in general permissible to grant a license to two persons jointly, yet a license granted to one person, who forms a partnership with an unlicensed person, does not authorize the latter to make sales.—*Shaw v. State,* 56 Ind. 188. And when the firm already exists, a license to one partner individually will confer no authority on his partner or the firm. "A license to retail affords protection only for those acts which, by law, are merely acts of an individual. If it is granted to a partnership, it affords protection only for those acts which, in law, are the acts of the firm. A license to an individual cannot be a license to a partnership."*Long v. State,* 27 Ala. 32. And on the same principle a license issued to a firm, of which a given person is a member, confers no authority to sell on another firm, of which, also, the same person is a member.— *Wharton v. King,* 69 Ala. 365. "But where a license is issued to a firm, and before its expiration one partner acquires the interest of the other partners in the firm's business and property, he may continue to sell under the same license; and so, also, a license granted to two persons or partners will justify one of them in making sales, although the other has retired from the

[Hainey v. The State.]

firm."—Black on Intoxicating Liquors, § 134; *U. S. v. Davis*, (D. C.) 37 Fed. 468; *State v. Gerhardt*, 48 N. C. 179; *Hill v. Thixton*, 94 Ky. 96, 23 S. W. 947; *St. Charles v. Hackman*, 133 Mo. 634, 34 S. W. 878.

In the case at bar the license was granted to D. B. Wilkins and Will Lynch, the defendant, who were at the time partners, and at the time of the alleged violations the said Lynch was conducting the business as the sole owner and proprietor. The North Carolina case, supra, very justly holds "that the continuance of the business by the remaining partner will not authorize an improper person to retail, because the moral qualifications of the retailer have already been examined into and passed upon by the county court. In this respect it differs essentially from the case of an assignee, or of the personal representative of a licensed person, claiming the right to sell under the license. Such claim would be rejected, for the obvious reason that the claimant would not have the sanction of the county court. But the reason would not apply to the case of the present defendant, who is a remaining partner." The trial court erred in giving the general charge for the state, and in refusing the one requested by the defendant; and the judgment is reversed and one will be here rendered discharging the defendant.

Reversed and rendered.

HARALSON, TYSON, DOWDELL, and DENSON, JJ., concur.