STATE OF IOWA, Appellant, v. CHARLES DELAHOYDE and GEORGE MARX.

Intoxicating liquors: SALE BY CORPORATION: STATUTES. Under the present statutes an Iowa corporation may lawfully engage in selling intoxicating liquors under the provisions of the Mulct Law.

*Appeal from Marshall District Court.*—HON. C. B. BRAD-SHAW, Judge.

TUESDAY, MAY 10, 1910.

BY direction of the court the defendants were acquitted of the crime of keeping a liquor nuisance. The State appeals.—*Affirmed.*

*H. W. Byers,* Attorney-General, and *Charles W. Lyon,* Assistant Attorney-General, for the State.

*Bradford & Johnson* and *R. B. Alberson,* for appellees.

SHERWIN, J.—The case was submitted to the trial court on an agreed statement of facts, from which it appeared that both defendants were employees of the Des Moines Malting Company and that as such employees they sold to certain persons intoxicating liquors; that the Des Moines Malting Company was an Iowa corporation authorized by its articles of incorporation to buy, sell, and keep for sale intoxicating liquors according to law; that at the time involved herein the mulct law was in force in Marshalltown, Iowa, and that the Des Moines Malting Company had complied with all of its requirements, and

was duly authorized to sell intoxicating liquors in Marshalltown, if a corporation can be so authorized.

The only question for our determination is whether an Iowa corporation could at the time lawfully engage in selling intoxicating liquors under the provisions of the mulct law. Since the trial of this case below the Legislature has removed any doubt as to the power of corporations in the future by the enactment of chapter 143, Acts 33d General Assembly. The state contends that the sale of intoxicating liquors is not in any sense a lawful business, and that a corporation organized under the law of this state can engage in a lawful business only. While there is language in some of the opinions of this court and some language in the statute itself which tends to support the state's claim on this point, it is, we think, true that sales of liquor made under the protection of the mulct law are legal. Such was the direct holding in *McKeever v. Beacom,* 101 Iowa, 173, and we see no possible escape from the logic of that opinion. The statute authorizes an incorporation for any lawful business, and gives to such corporations the same powers in respect to acquiring and transferring property, and making contracts in general, as are possessed by natural persons. Code, sections 1607-1609. These sections of the Code would alone authorize a corporation to engage in the liquor business under the mulct law. But it is not necessary to rest thereon for such authority, for the mulct statute itself by fair implication authorizes the traffic by corporations. Code, sections 2432, 2460.

The judgment of the trial court is manifestly right, and it is *affirmed.*