WM. P. SOURSOS, Appellee, v. CITY OF MASON CITY, Appellant.

No. 45496.

MARCH 18, 1941.

Breese & Cornwell, for appellant.

L. A. Moe and Raymond Zebker, for appellee.

OLIVER, J.—On May 1, 1940, the city council of Mason City, Iowa, issued to Royal Billiard Parlor, then a partnership composed of appellee, Soursos, and one George Andon, a class B beer permit for the year ending May 1, 1941, under the provisions of chapter 93.2, Code of Iowa, 1939, and a city ordinance adopted thereunder.

The partnership paid the permit fee of $250, furnished a beer bond (in which appellee, Soursos, was named as sole prin-

cipal) and operated under the license until July 24, 1940, when appellee bought his partner's interest. Thereafter he continued to operate as an individual. He stated the city clerk had previously told him this could be done under the original permit. On September 5, 1940, the former partner, Andon, notified the city of the dissolution of the partnership and that he desired to be relieved from liability in connection with said permit and the city then notified the appellee to cease operating under said permit. Thereupon, appellee instituted this action in equity to establish his right to sell beer under said permit and to enjoin the city from interfering with such right. Trial resulted in decree for plaintiff, from which the city has appealed.

In Iowa a partnership is a legal entity distinct from its members. This is too well settled to require discussion. National S. P. Co. v. Smith-Jaycox Lbr. Co., 183 Iowa 17, 166 N. W. 708. And that this partnership was dissolved July 24, 1940, and thereafter ceased to exist is not disputed. One purpose of the permit fees required under the beer law, chapter 93.2 of the Code, is to provide revenue. However, said law is primarily a police regulation rather than a revenue act. It relates to an occupation or business regarded as requiring substantial restriction, supervision and control. Bernstein v. City of Marshalltown, 215 Iowa 1168, 248 N. W. 26, 86 A. L. R. 782. The act itself recognizes the necessity of strictly regulating the handling and sale of beer for the protection of the public welfare and morals. Madsen v. Town of Oakland, 219 Iowa 216, 257 N. W. 549; State v. Talerico, 227 Iowa 1315, 290 N. W. 660.

In the absence of specific provision to that effect a beer permit is not transferable. Lewis v. United States, 1 Iowa (Morris 199) 264; 37 C. J. 245. Indeed, appellee does not here claim any right to a transfer. His contention is that after the purchase of his partner's interest the permit continued in force for his individual use and benefit.

State v. Zermuehlen, 110 Iowa 1, 4, 81 N. W. 154, 155, passed upon this proposition in a case under the mulct law then in effect. There the consent of the city council was given to a partnership, Ohlschlager & Zermuehlen, which paid the license fee. The partners signed the bond individually as principals. Later Zermuehlen bought his partner's interest and sought to continue

the business. The court stated that the consent was to the partnership and the bond for the protection of that firm, which entity had ceased to exist; that, although Zermuehlen was a member of the firm and as such was included in the consent, the consent was to the partnership alone.

"* * * In contemplation of law,—at least, so far as this question is concerned,—the persons composing a firm are as separate and distinct from that firm as any other persons. Surely it cannot be said that consent was given that Zermuehlen might carry on that business in that place in his own name and for his own benefit. For aught we know such consent would have been refused. It is enough to say that the protection afforded by the consent and bond and the payment of the tax was to Ohlschlager & Co. alone, and that by the dissolution of the partnership that company ceased to exist, and that its rights to this protection pertain to it alone, and could not be conferred upon another by transfer or otherwise,—not even upon a member of the firm who might succeed to the business."

We think the cited case governs the case at bar. Although the mulct law did not specifically set up the definite procedure for testing the fitness of applicants found in the present beer law, the resolution of consent of the council required by the former was similar to the permit of the council provided in the beer law and presumably involved a finding of fitness. State v. Forkner, 94 Iowa 1, 16, 62 N: W. 772, 777, 28 L. R. A. 206. This is the "consent" referred to in the Zermuehlen case. And the ultimate basis of that decision was that the "consent" was an immunity pertaining to the partnership alone. So long as the partnership existed its members and employees could find shelter behind it. But this protection was afforded solely by the immunized body of the partnership. When it was dissolved the immunity which inhered in it was likewise destroyed. It had no shell which could be utilized by its remaining member as in the case of a corporation. See State v. Delahoyde, 147 Iowa 327, 126 N. W. 330. Nor was the consent a shield which could be picked up and held by him to protect him in a business otherwise illegal.

Appellee relies upon United States v. Glab, 99 U. S. 225,

25 L. Ed. 273, and United States v. Davis, 37 F. 468. Those cases were decided under statutes licensing or taxing brewers, retailers· of liquor, etc. Apparently, those statutes were solely revenue acts and not regulatory measures. Furthermore, they contained specific provisions permitting the heirs or successors of a deceased licensee to continue the business under the tax or license fee paid, thus negativing a requirement of fitness. These statutory differences appear sufficient to justify the different results reached in the decisions. That the Zermuehlen case did not cite these cases may have been because they were not regarded as being pertinent to its situation. Appellee also cites Commonwealth v. James, 98 Ky. 30, 32 S. W. 219, 17 Ky. Law Rep. 588; Lynch v. State, 147 Ala. 143, 39 So. 912; Spielman v. State, 27 Md. 520; State v. Gerhardt, 48 N. C. 178; Hill v. Thixton, 94 Ky. 96, 23 S. W. 947, 14 Ky. Law Rep. 900; St. Charles v. Hackman, 133 Mo. 634, 34 S. W. 878, and other cases.

Some of those cases involve revenue measures or statutes containing provisions permitting transfers of licenses or otherwise substantially differing from those here involved. Others appear to be more nearly in point. But to adopt the rule urged by appellee would require a holding contrary to the Zermuehlen case and one which, we think, would not be in harmony with the expressed regulatory intent of the beer law for the protection of the public welfare and morals. The Zermuehlen case seems to us to establish a sound rule governing permits of this character and we are not prepared to overrule it.

This conclusion requires a reversal of the decree of the trial court.—Reversed.

HALE, C. J., and STIGER, BLISS, SAGER, WENNERSTRUM, GARFIELD, and MILLER, JJ., concur.