CAPPS *v.* THE STATE OF IOWA.

In the case of a misdemeanor, where the fact charged in the indictment, appears to be unlawful, it is unnecessary to allege the act to have been unlawfully done.

Such an averrment is in no case essential, unless it be part of the description of the offence, as defined by statute.

An indictment which charges that the defendant "willfully obstructed the public road (describing it) contrary to law," sufficiently avers that the act charged was unlawfully done.

Where an indictment for obstructing a public road, described the road as follaws: "The public road or highway leading from Fort Dodge to Fort Des Moines, Iowa, on the east side of the Des Moines river, lying and being in Boone township, Boone county, Iowa;" *Held,* That the road was sufficiently described in the indictment.

*Error to the Boone District Court.*

THIS was an indictment for obstructing a public road. The defendant demurred to the indictment for the following reasons :

1. That the road was not described with sufficient certainty.

2. That the indictment did not charge that the obstruction was placed in the road, either illegally or unlawfully.

The District Court overruled the demurrer, and the defendant sues out this writ of error. The road is described in the indictment, as " the public road or highway leading from Fort Dodge to Fort Des Moines, Iowa, on the east side of the Des Moines river, lying and being in Boone township, Boone county, Iowa."

*J. E. Jewett,* for the plaintiff in error.

*S. A. Rice,* (Atty. General,) for the State.

STOCKTON, J.—The description of the road was sufficient. The statute provides that " no indictment shall be quashed, if it can be understood that the offence was committed at some place within the jurisdiction of the court. Code, § 2916. The indictment charged that the defendant " willfully obstructed the public road, &c., contrary to the law." This is sufficient averment that the act charged was unlawfully done. In the case of misdemeanors, where the fact laid in the indictment appears to be unlawful, it is unneces-

sary to allege it to have been unlawfully done. The aver-ment is in.no case essential unless it be part of the descrip-tion of the offence as defined by some statute, for if the fact as stated be illegal, it would be superfluous to allege it to be unlawful. Starkie's Criminal Pleading, 85.

Judgment affirmed.