Nov. Term,
1858.

KERNAN
v.
THE STATE.

</div>

---

<div style="text-align:right">

Monday,
January 10,
1859.

</div>

(1) *Ante,* 464.

---

## KERNAN v. THE STATE.

If *A.*, acting as an officer, seize *B.* upon a proper warrant for his arrest, and *B.*, after being informed that *A.* had such warrant, strike him while he is executing it, a prosecution for assault and battery will lie.

And if facts exist which would justify the act, such as the illegality of the warrant, &c., the defendant must show them, otherwise the validity of the warrant, &c., will be presumed.

Nov. Term,
1858.

KERNAN
v.
THE STATE.

Monday,
January 10,
1859.

APPEAL from the *Tippecanoe* Court of Common Pleas.

HANNA, J.—This was a prosecution for an assault and battery. Trial and conviction.

It is urged that the accused acted in self-defense, and that the evidence does not sustain the finding.

It appeared in evidence that one *Vanzant*, alleging that he had a warrant for the arrest of *Kernan*, took hold of him and continued to hold him, whilst he, upon the demand of *Kernan*, was proceeding to read the warrant. Whilst he was thus holding him, *Kernan* struck him. It is said the act was not, under the circumstances, illegal.

Our statute prescribes the acts and duties incumbent upon an officer in making an arrest. Sections 33, 34, 2 R. S. p. 365, are as follows:

" An arrest is made by an actual restraint of the person of the defendant, &c.

" The officer must inform the defendant that he acts under authority of a warrant, and must also show the warrant, if required."

If any doubt existed, before the enactment of this statute, of the right of an officer to actually seize a defendant upon a proper warrant, it is certainly thereby removed.

As to the second point, neither the warrant nor any record of the charge upon which it was issued, was given in evidence. *Vanzant* testified that he had a warrant against the defendant, but did not state anything in regard to its contents, other than that it was against the defendant, nor upon what charge it issued, nor by whom. Should the warrant have been given in evidence?

We think that the evidence given, *prima facie*, made a case against the accused. It appears that *Vanzant* was acting as an officer, and that he had a warrant against *Kernan*. Whether the evidence as to whom the warrant was against, in the form it was given, should have been excluded, on objection made, is a question not before us. The accused was informed of the warrant, and yet he struck *Vanzant* when executing the same.

If facts existed which justified the act, such as the illegality of the warrant, &c., the defendant should have

shown them; otherwise, the validity of the warrant and the correctness of its issue will be presumed.

*Per Curiam.*—The judgment is affirmed with costs.

*E. A. Greenlee* and *J. O'Brian,* for the appellant.