In the Matter of Pierson's Executors.

13 449
f133 424

## IN THE MATTER OF PIERSON'S EXECUTORS.

1. APPEAL BOND: ADMINISTRATORS. When an appeal is taken by executors from an order of the County Court removing them from office, and appointing their successors, and the bonds of such executors on file are sufficient to cover all the assets coming into their hands, the appeal bond should be in a sum sufficient to cover the costs of the proceeding.

2. APPEAL FROM ORDER. An order discharging a rule requiring a county judge to show cause why an appeal was not allowed from his order removing executors, affects substantial rights, and may be reviewed by the Supreme Court on appeal.

*Appeal from Des Moines District Court.*

FRIDAY, JUNE 20.

THE executors of the estate of John Pierson, deceased, were required by the County Court of Des Moines county, to make a report and showing of the condition of the estate, and of the demands and assets in their hands. On the coming in of this report, exceptions were filed by certain of the heirs, and such proceedings were had that an order was made for their removal, and the appointment of an administrator, with the will annexed. This was on the 4th of January, A. D., 1862. The executors prayed an appeal on the 10th of the same month, and thereupon the

VOL. XIII. 57

appeal bond was fixed at $45,000. On the 20th of the same month they applied to the District Court for the allowance of an appeal, upon the ground that injustice had been done, that they could not give the bail fixed, and that the same was grossly excessive. A citation issued to the County Court to show cause why the appeal was not allowed. To this there was a return, after examining which and all the premises, the rule was discharged, and the executors now appeal to this court.

*Charles Ben Darwin* for the appellants.

1. When executors have already given bonds for the assets in their hands, in any proceeding concerning them, they are allowed appeals without further bond, or with bond sufficient to indemnify against costs which may be imposed upon them as persons for wrongfully invoking such appeal: 4 Bac. Abr., 14 (Bouv. Ed.), 1 Salk., 98; 1 Selw. Pr., 45; 2 Tidd's Pr., 1152; Pet. on Bail, 249 – 256. See, also, the general statutory provision regarding it, in New York, in Dayton's Surrogate, 349, 738, 744, 752, *et seq.;* and 1 U. S. Eq. Dig., 523, 568; 1 H. & Mumf., 15, 26.

*Hall, Harrington & Hall* for the appellee.

1. The appeal should be dismissed. The fixing of the amount of a bond is a mere exercise of discretion from which no appeal lies. *Trustees of Iowa College* v. *The City of Davenport,* 7 Iowa, 214, and the authorities there cited; *Dyer* v. *Ludlam,* 1 Harr. (N. J.), 531.

2. The action of the County Court and District Court in requiring an appeal bond in the sum of $4,500, was legal and just. Bac. Abr., "Bail;" Toller's Ex., 467; 1 Salk., 98; 3 Id., 57; *McKay* v. *Devers,* 9 Geo., 184; 6 Leigh, 299; 4 Gratt., 9; *Commonwealth* v. *The Judges of the Orphans' Court,* 10 Barr (Penn.), 37.

WRIGHT, J.— The law provides that an appeal from a decision of the County Court shall be taken within thirty days from the day in which the decision was made, "by claiming an appeal, and filing in the county office a bond with one or more sureties, and a penal sum to be approved by the county judge or clerk," &c. (§ 267.)   "If the party entitled to an appeal fails, without fault on his part, to claim, or perfect, or prosecute his appeal, he may apply to the District Court, which, upon being satisfied of the matter, and that the case requires revision, may authorize an appeal to be taken upon such terms as it deems reasonable, and may take such order as may be requisite to give it effect." (§ 270.)   The District Court, also, has a general supervision over all inferior courts, to prevent and correct abuses, where no other remedy is provided. (§ 2663.)

By the statutes of some of the states, it is provided that an administrator may take an appeal without giving security.   Such statutes, however, apply to cases where the judgment or order affects him in his representative capacity.   If the judgment be personal, to be paid out of his own means, he must give bonds as any other person.   Our statute does not exempt an administrator from this duty. When the judgment is against him in his representative capacity, however, then, as it is to be paid finally from the assets of the estate, for the faithful application of which he has already given the required security, the penalty would properly and reasonably be but light.

In this case it seems that the executors had given bond in the sum of eighty thousand dollars.   There is no suggestion that this is not amply sufficient to cover all assets coming into their hands.   Nor was any step taken to increase the amount of this bond, nor any attempt to show that the sureties were not fully solvent.   There was no order against them to pay money, nor to do any act, as individuals.   Every act of mal-administration charged or

found by the court, was covered by their bond as executors. If the finding of the county court should be sustained, there could be no judgment for money, and none against the sureties on the appeal bond, beyond the costs of the proceeding. Under such circumstances, it seems to us that the bail demanded was excessive, that to require it operated as a virtual denial of justice, and that the district court erred in discharging the rule.

Reversed.

On the 12th day of January, 1863, the following additional opinion was delivered by —

WRIGHT, J. — In a petition for re-hearing, appellee's counsel urge that this court could not take jurisdiction of the case, as the matter appealed from does not fall under or within any of the provisions of the Revision giving the right to an appeal. We are of the opinion, however, that the order discharging the rule affected a substantial right, and in effect determined the action. As such it is reviewable in this court under clause 1, § 2631, of the Revision.

If the District Court errs in matter of law, in determining that the case presented does or does not require revision under § 267 of the Revision, such ruling may be re-examined in this court. And if in a matter of fact, the discretion has already been abused, this court will review and reverse.

Re-hearing refused.