George v. Parker.

GEORGE v. PARKER, County Judge.

1. APPEAL: REMOVAL OF GUARDIAN. A guardian of minors may have an order of the County Court removing him from his trust reviewed on appeal to the District Court.

2. PARTIES: TITLE OF CAUSE. In a proceeding to remove a guardian, the relator is the plaintiff, and the guardian the defendant. The county judge is not a party to such a proceeding.

*Appeal from Hardin District Court.*

THURSDAY, JUNE 23.

*E. W. Eastman*, for the appellant.

1. The County Court has exclusive jurisdiction in the appointment of guardians. Rev. 1860, §§ 2505, 2345, 2551; *Young* v. *Gammel*, 4 G. Greene, 211; and may also remove a guardian for good cause. Rev. 1860, § 2562; 2 Story Eq. Jur. § 1339.

2. The guardian does not have a personal interest in his trust, he acts without profit, as the agent of the public. 2 Kent 229, (Marg.); 2 Story Eq. Jur., §§ 1338, 1339; *Ball et al.* v. *Humphrey et al.*, 4 G. Greene, 205; *Myers* v. *Simms*, 4 Iowa, 502.

*Moir* and *Henderson & Boardman* for the appellee.

The guardian has the right to appeal. *Ball* v. *Humphrey et al.*, 4 G. Greene, 204; *McCune* v. *Swafford*, 5 Iowa, 552; *In the matter of Pierson's Executors*, 13 Iowa, 449; *Lee County* v. *Nelson*, 4 G. Greene, 348.

WRIGHT, Ch. J.—Jacob George was appointed by the proper County Court, guardian for the minor heirs of his deceased daughter, Maria Speers. After he had entered upon the discharge of his duties, proceedings were instituted at the instance of George H. Speers, the grandfather on the father's side, in the County Court, for his removal as such guardian. His removal was ordered and he asked an appeal, which was refused. Application was at once made to the District Court, under § 270 of the Rev., for the allowance of the appeal, which was ordered, and from this order Speers, the relator, appeals to this Court.

We have but one question before us, and that is, whether a guardian removed from his trust, can have the action of the County Court reviewed in the District Court; or in other words, whether such an order is a decision affecting his rights or interests as an individual, as distinguished from the public, which entitles him to an appeal. We have now nothing to do with the sufficiency of the alleged cause of removal. We are not asked to examine and determine whether the County Court did or did not err in ordering the removal; whether there was or was not an abuse of discretion, but whether the removed guardian may appeal from such an order or decision.

The statute declares that the County Court may remove a guardian *"for good cause shown,"* which cause must be entered on the records" (§ 2562). And except when otherwise expressed in the statute, an appeal is allowed from all decrees and decisions of the County Court, on the merits of any matter affecting the rights of individuals as distinguished from the public, including an intermediate order, involving the merits and necessarily affecting the decree or decision (§ 267). Now suppose a guardian is removed without any cause whatever; suppose he has been faithful, diligent and prompt in the discharge of every duty required of him by law, or the orders of the County Court, and yet upon the application of some intermeddler he should be removed, has he no such interest in the order made, as entitles him to an appeal? It seems to us that the decision affects his rights as distinguished from the public, to such an extent as entitles him to have it reviewed on appeal in the District Court. To what extent and under what circumstances the discretion exercised by the inferior tribunal in ordering the removal will be reviewed and corrected, is another and different question. The error of appellant's argument consists in his proposition that the question of removal or non-removal affects alone the public, or is one in which the public and not the individual has an interest. It affects the ward, and certainly does the guardian.

True, his trust is one of duty and obligation, rather than speculation or profit. Hence, any advantage derived or arising in the settlement or adjustment of claims is not counted to his benefit, but goes entirely to the ward. And the same rule applies to an administrator or executor. True, their fees are more specifically prescribed than those of a guardian, and yet the latter is entitled to compensation. (Rev., § 2567.) This difference in the method of getting at their fees, does not change the principle. And indeed the right to or allowance of fees has nothing to do

with the question involved. Aside from this, and in view of the fact that their trust is alike one of duty and not profit, their right to appeal is sustained by the like reasoning, and upon the same principles. That an administrator may appeal, see "In the matter of Pierson's executors," 13 Iowa, 449. In that case it was expressly held, that if the District Court should err in matter of law in determining that the case did or did not require revision under section 267 of the Revision, we would re-examine the ruling, and if in matter of fact the discretion had been abused, we would review and reverse. And if this is not so, why limit the County Court to removal "for good cause," and require that such cause should be "spread upon the record?" If the whole matter was designed to be left to the unlimited and unrestrained discretion of the inferior tribunal, why these provisions? Such language implies that it never was designed that a guardian should be at the mercy of a tribunal acting without rule or restraint, and that he has rights which he may assert and maintain in the ordinary judicial channels.

The argument drawn from the cases of *Ball* v. *Humphreys*, 4 G. Greene, 205, and *Myers* v. *Simms*, 4 Iowa, 502, has no application to the case at bar. Whether the public interest demands the establishment of a particular road affects the public, and not alone an individual. But it is a very different matter, when an order is made removing a person from a position, when such removal concerns him in a direct, specific and individual manner.

We remark, in conclusion, that the case is entitled improperly, and hence improperly docketed. Speers, the relator, should be known as the plaintiff, and the present plaintiff as defendant. Parker, the County Judge, is not properly a party. Speers appeals, and he should pay the costs thereof. It is accordingly so ordered.

Affirmed.