STATE OF IOWA v. J. L. PERRY, Appellant.

**Resisting Officer**: INDICTMENT INSUFFICIENT. An indictment charg-
ing that one did "unlawfully and willfully" resist an officer in
serving process is not sufficient, under Code, section 4899, declar-
ing a punishment if one "knowingly and willfully" make such
resistence; "knowingly" not being synonymous with "willfully,"
and its omission not being supplied.

*Appeal from Hardin District Court.*—HON. S. M. WEAVER,
Judge.

TUESDAY, OCTOBER 17, 1899.

THE defendant, having been convicted of resisting an
officer, appeals.—*Reversed.*

*Geo. W. Ward* for appellant.

*Milton Remley,* Attorney General, and *Chas A. Van
Vleck* for the State.

LADD, J.—The indictment charged that the defendant
"did unlawfully and willfully resist and oppose one L. W.
Harris, a deputy sheriff of Hardin county, Iowa, in serving
and attempting to serve a certain search warrant." On the
trial the accused objected to the introduction of evidence
because of the insufficiency of the indictment, and based a
motion in arrest of judgment on the same ground. The stat-
ute under which the indictment was returned provides that
"if any person knowingly and willfully resist or oppose any
officer of this state, or any person authorized by law, in serv-
ing or attempting to serve any legal writ, rule, order or
process whatsoever," he shall be punished accordingly. Code,
section 4899. It will be observed that "unlawfully" was
inserted in the indictment instead of "knowingly," used in

the statute. As the word "unlawfully" formed no part of the description of the offense, it was superfluous and added nothing. *State v. Capps,* 4 Iowa, 502. It did not supply the omission of "knowingly." An act may be knowingly done, and yet be unlawful, or it may be unlawful though done in ignorance. *State v. Stalls,* 37 Texas, 440; *State v. Arnold,* 39 Texas, 74. It was not enough, to constitute the offense, to charge the opposition or resistance to have been willful. It must also have been with knowledge that the person resisted or opposed was an officer. Such an averment was essential at common law. *State v. Downer,* 8 Vt. 428; *State v. Hilton,* 26 Mo. 199; *Kernan v. State,* 11 Ind. 471; *Com. v. Kirby,* 2 Cush. 577; *State v. Maloney,* 12 R. I. 251. Our statute is, in this respect simply a statement of the law as it formerly stood. But the state urges that "knowingly" and "willfully" are synonymous, and that the omission of the former detracted nothing from the meaning of the indictment. To willfully do an act implies that it be done by design or with set purpose. One might purposely do an act which would have the effect of impeding an officer in the performance of his duties, in entire ignorance of the capacity in which such officer was acting. The obstruction denounced is that, not only designedly or purposely interposed, but with knowledge that the person hindered was at the time an officer serving or attempting to serve some writ, rule, order, or process. This results from giving the words of the statute their usual meaning, such as contemplated by the lawmakers. In this case it was charged that certain bottles of beer were destroyed by the defendant. As they belonged to him, he had a right to willfully break them, unless in doing so he interfered with the serving of the search warrant. But if he knew Harris, as an officer of the law, had taken the beer under the search warrant, and was preserving it as required, or was about to do so, and yet, with this knowledge, purposely spilled it on the ground, then he was guilty, under the statute, of opposing the officer. In

other words, the facts of this case demonstrate the necessity of alleging knowledge. See *Harrington v. State,* 54 Miss. 493.

The indictment was sufficient in other respects. It clearly alleged what the officer was doing, and the particular acts of obstruction. *State v. Maloney, supra.*—REVERSED.