V. SOWLES and J. L. McLEOD, Plaintiffs and Appellees, v. AUGUST C. MARTENS and MRS. FRANK REETZ, Defendants and Appellants.

Intoxicating liquors: INJUNCTION: SUFFICIENCY OF NOTICE. The
1  notice of hearing the application for a temporary injunction
   restraining the illegal sale of intoxicating liquor, as served in the

instant case, is held sufficient to confer jurisdiction of the subject matter.

Same: ISSUANCE OF INJUNCTION UPON DEFAULT. A temporary injunction restraining the illegal sale of liquor may issue without evidence, where the defendant has defaulted.

*Appeal from Crawford District Court.*—Hon. F. M. Powers, Judge:

Wednesday, July 2, 1913.

Appeal from an order granting a temporary injunction, restraining defendants from operating a saloon in the town of Charter Oak.—*Affirmed.*

*L. H. Sallinger* and *Ralph Maclean,* for appellants.

*M. S. Odle,* for appellees.

Per Curiam.—This is an appeal from an action in which a temporary injunction was granted, restraining the defendant from operating a saloon on lot 3, block 3, in the city of Charter Oak. After the granting of the temporary injunction, and after the appeal was taken in this case, a permanent injunction was issued in the same cause, an appeal therefrom was taken to this court, and on the 30th day of June, 1913, affirmed.

The appeal in this case raises two propositions: First, that the notice was insufficient to justify the court in rendering a temporary injunction; second, that the court erred in entering a temporary injunction without evidence.

The notice for the temporary injunction reads as follows: "To each of the above named defendants: You are hereby notified that on or before the 12th day of December, 1912, the petition of the plaintiffs in the above-entitled cause will be on file in the office of the clerk of the district court of Crawford county, Iowa, and that the Hon. F. M. Powers, one of the judges of said court, has entered an order setting said

cause down for hearing before him at 1:30 o'clock p. m., on the 20th day of December, 1912, at the courthouse in Carroll, Iowa, on the application of the plaintiffs for a temporary injunction, at which time and place the plaintiffs will apply to the Hon. F. M. Powers for a temporary injunction, to enjoin and restrain you from illegal sale of intoxicating liquors on the premises described in plaintiff's petition, or elsewhere in the sixteenth judicial district of Iowa, and you can appear and resist said application if you so desire. Dated this 7th day of December, 1912.'' On the 20th day of December, 1912, the plaintiff appeared at the courthouse in Carroll, Iowa, before Hon. F. M. Powers and presented his petition, which was under oath. Upon the presentation of the petition, the temporary injunction issued, from which the appeal is taken. The notice was clearly sufficient to justify the court in taking jurisdiction of the subject-matter.

That the court was authorized to enter a decree without evidence, the defendant having defaulted, see *Bloomer v. Glendy,* 70 Iowa, 757.

We find no error and the case is *Affirmed.*