STATE OF IOWA, appellant, v. ROBERT L. DAHNKE, appellee.

No. 48207.

(Reported in 57 N.W.2d 553)

MARCH 10, 1953.

Robert L. Larson, Attorney General, Raphael R. R. Dvorak, Assistant Attorney General, William L. Meardon, County Attor-

ney, and William M. Tucker, Assistant County Attorney, for appellant.

Messer, Hamilton, Cahill & Bartley, of Iowa City, for appellee.

HAYS, J.—Defendant was indicted, tried and acquitted of violating section 124.20, Code, 1950. The State has appealed under the terms of section 793.20, Code, 1950.

Section 124.20 provides in part: "It shall be unlawful for any person to sell, give or make available to any minor or to permit any minor to purchase or consume any beer on the premises of a class 'B' or class 'C' permit holder."

Under the record the jury could have found that the defendant was a bartender in an establishment holding a class "B" permit; that one William K. Butler, a minor, was sold beer by the defendant, which he consumed on the premises with defendant's knowledge. The defendant claimed he believed Butler to be an adult, based upon a draft registration card exhibited to him by Butler. The draft card belonged to another party.

The trial court instructed the jury as follows, in Instruction No. 7:

"You are instructed that before you can find the defendant guilty the State must prove beyond a reasonable doubt each and all of the following propositions: * * *

"4. That the defendant had knowledge that said William K. Butler was a minor at said time, or that he was charged with knowledge of such fact and had reasonable grounds to believe that Butler was a minor."

Whether the above quoted division 4 of Instruction No. 7 states a correct legal proposition as to the force and effect of section 124.20, supra, is the sole question presented on this appeal. In short, under section 124.20, does one who sells beer to an individual, who is in fact a minor, do so at his peril irrespective of what his belief may have been? The State contends that he does.

Chapter 123, Code, 1950, entitled "Iowa Liquor Control Act" was passed at the Extra Session of the Forty-fifth General

Assembly. It specifically excludes beer (under certain conditions) from its definition of alcoholic liquors. What is now chapter 124, Code, 1950, was originally enacted as chapter 37, Acts 45th G.A. (Regular Session). By chapter 25, Acts 45th Extra Session, this chapter was in effect repealed and what is now chapter 124 was enacted. It is entitled "Beer and Malt Liquors." While chapter 124 does not declare beer to be an intoxicant, it does place some restrictions on the sale thereof, similar in many respects to those governing the sale of alcoholic liquors, under chapter 123. This it had the right to do. Sawyer v. Botti, 147 Iowa 453, 124 N.W. 787, 27 L. R. A., N. S., 1007.

 Accepting the legislative decree that beer is not an alcoholic beverage, we take judicial notice of the fact that, at least when consumed in large quantities, it produces an exhilarating effect upon the consumer. Recognition of this fact may have influenced the legislature in the adoption of chapter 124. Also, chapter 123 provided that alcoholic liquors shall be handled exclusively by the "Iowa Liquor Control Commission to be dispensed solely through state-owned stores, in the original packages for off-the-premise consumption only." Such dispensing would appear to be impracticable when applied to beer, and it being deemed to be nonalcoholic, its sale and distribution was delegated to the local communities, city, town and county. Such a system is recognized as a police measure or regulation, relating to a business regarded as requiring substantial restrictions, supervision and control, for the protection of the public welfare and morals. Soursos v. Mason City, 230 Iowa 157, 296 N.W. 807; State v. Talerico, 227 Iowa 1315, 290 N.W. 660.

Section 123.1, Code, 1950, states the policy of the chapter to "be deemed an exercise of the police power of the state, for the protection of the welfare, health, peace, morals and safety of the people of the state." Chapter 124 contains no statement as to its specific intent or purpose, but we think it must be construed with and in the light of chapter 123, and that the purpose thereof is the same as set forth in section 123.1.

 Section 124.20 simply states "It shall be unlawful for * * *." This is a penal statute and while we recognize the rule

that such statutes are to be strictly construed, in construing them we should endeavor to give to them such a construction as will carry out the evident intent of the legislature. Kuhn v. Kuhn, 125 Iowa 449, 101 N.W. 151, 2 Ann. Cas. 657; State v. Hill, 244 Iowa 405, 57 N.W.2d 58. Nowhere in said section is it stated that knowledge or intent is a necessary element in order to make the act illegal.

In State v. Dunn, 202 Iowa 1188, 1189, 211 N.W. 850, 851, it is said: "It is quite universally recognized at this day that the legislature may forbid the doing of an act and make its commission a crime without regard to the intent or knowledge of the doer. Whether a criminal intent or guilty knowledge is an essential element of a statutory offense is to be determined as a matter of construction from the language of the act, in connection with its manifest purpose and design."

See also State v. Dobry, 217 Iowa 858, 250 N.W. 702; State v. Schultz, 242 Iowa 1328, 50 N.W.2d 9; 22 C. J. S., Criminal Law, section 30; 30 Am. Jur., Intoxicating Liquors, section 328; annotation 115 A. L. R. 1230.

The prohibition under section 124.20 is clearly enacted as a police measure for the protection of the public, particularly our young people. The legislature saw fit to prohibit the act without reference to "intent or knowledge" upon the part of the doer. The right to sell beer is not an inherent or unrestrained right. It is a right or privilege granted by the state to be exercised under such restrictions as the legislature sees fit to attach thereto. When one obtains a license or permit in this state to sell beer, he does so with all legal restrictions pertaining thereto, constituting a part thereof. See Sowles v. Martens, 160 Iowa 580, 142 N.W. 442; State v. Thompson, 74 Iowa 119, 37 N.W. 104; Jamison v. Burton, 43 Iowa 282.

Section 124.20 provides that sale shall not be made to a minor. Section 124.37 makes a violation of the provisions of the chapter a misdemeanor. We think it was the intent of the legislature, and we hold that under section 124.20 lack of knowledge of or reasonable grounds to believe the minority of a purchaser or consumer is no defense to a charge of a violation thereof.

For the reasons above-stated the instruction under consideration is not a correct statement of the law and the judgment of the trial court must be reversed in accordance with section 793.20, Code of 1950.—Reversed.

All JUSTICES concur except LARSON, J., who takes no part.