STATE OF IOWA, appellant, v. LESTER MAPES, appellee.

No. 49008.

(Reported in 79 N.W.2d 202)

NOVEMBER 13, 1956.

Dayton Countryman, Attorney General, Raphael R. R. Dvorak, and Dudley C. Lowry, Assistant Attorneys General, and Arnold O. Kenyon, County Attorney, for appellant.

Marshall F. Camp, of Creston, for appellee.

WENNERSTRUM, J.—The defendant was charged in an indictment returned by the grand jury of Union County with the crime of offering and making beer available to minors in violation of section 124.20 of the 1954 Code. He entered a plea of not guilty. Upon trial, and after both the state and the defense had rested, the trial court directed a verdict for the defendant on the motion of his counsel. The State has appealed under the provisions of section 793.20, Code of 1954. This section of the Code deals with an appeal by the State for the determination of questions of law but our decision in such an appeal cannot affect the finality of a previously entered judgment.

During the evening of September 24, 1955, two minor boys, both 15 years of age, were in Afton. One of them met and asked Mapes if he would buy some beer for him and the defendant said he would. He was given $3 by this boy and was asked to buy two packs of a certain brand of beer. Later, according to the testimony of both boys, the beer was delivered by the defendant to the one making the arrangement. The two boys then drove to Creston, Iowa, and went to a drive-in theatre where their activities were observed. The manager saw beer containers in the car. A policeman testified he found one carton of beer which, according to testimony, the boys had thrown in the weeds. Both of the young men testified they were 15 years of age and that their parents did not know of their drinking beer.

The defendant testified he had given one of the boys money on several occasions but he did not remember giving him or

anyone else any beer on September 24, 1955, nor did he remember buying any beer for this young man on any other occasion.

Section 124.20, 1954 Code, is in the chapter dealing primarily with permits for the sale of beer and malt liquors and the regulation of the sale of it. We are concerned with a portion of the Code section previously referred to, which is as follows: "It shall be unlawful for any person to sell, give or make available to any minor or to permit any minor to purchase or consume any beer on the premises of a class 'B' or class 'C' permit holder, or for any minor to buy or attempt to buy or to secure or attempt to secure beer from any person, and it shall further be unlawful for any person to offer beer, with or without consideration, to any minor, except within a private home and with the knowledge and consent of the parent or guardian of said minor. A violation of the provisions of this paragraph by any holder of a class 'B' or class 'C' permit or any of his agents or employees in connection with the operation of a beer business under said class 'B' or class 'C' permit shall be a mandatory ground for revocation of said permit, in addition to other mandatory grounds provided in this chapter."

The motion for directed verdict made by the counsel for the defendant in substance set forth the following contentions: the State had failed to prove the defendant had given or made available to any minor or permitted any minor to purchase any beer on the premises of a permit holder; no evidence had been introduced to show the defendant had offered any beer to any minor or that he had offered beer to any person.

The trial court in sustaining the motion for a directed verdict, in substance, held the last paragraph of section 124.20, 1954 Code, referred to unlawful acts on the premises of a permit holder. It further held, at the most, the State's evidence showed the defendant was an agent of the young men who testified. It would appear from the court's statement it was its holding and belief a violation of the previously quoted section must relate to the sale of beer on the premises of a permit holder or by such permit holder or his agents or employees.

I. It is apparent from an analysis of the portion of the section previously quoted there are three distinct possible

offenses. The first pertains to the selling, giving or making available to any minor of beer on the premises of a class "B" or class "C" permit holder. The second refers to a minor buying or attempting to buy or secure beer from any person. The third possible offense is: that it shall be unlawful for any person to offer beer, with or without consideration, to any minor, except within a private home and with the knowledge and consent of the parent or guardian of said minor.

We are here particularly concerned with the consideration of the third portion heretofore referred to and it is necessary for us to determine whether the State offered sufficient evidence to show a possible violation of this section as charged in the indictment and to justify the submission of the question of the defendant's guilt to the jury.

■ II. In the case of State v. Hill, 244 Iowa 405, 413, 57 N.W.2d 58, 62, we commented upon the portion of the statute relating to the offering of beer, with or without consideration, to a minor and held: " * * * The locus of such an event might be in the tavern of a permit holder or elsewhere." We further therein stated: "Under the testimony, the defendant offered beer to the minor and received a cash consideration. Under this clause of section 124.20 such a transaction would be a sale of beer, notwithstanding it took place in defendant's tavern and *regardless of whether he had a class 'B' permit or not.*" (Emphasis supplied.) We are not here concerned with the sale of beer but are concerned whether the defendant offered and made beer available to minors. It is our holding that under the third portion of the quoted statute it is not necessary for the State to show and prove this offering was on the premises of a permit holder or by a permit holder or his employees or agents.

■ In State v. Ryerson, 247 Iowa 385, 390, 391, 73 N.W.2d 757, 761, we again commented on section 124.20, 1954 Code of Iowa, and the portion thereof with which we are concerned in this case. We there stated: "The unlawful act is designated by the words in the section: 'and it shall further be unlawful for any person to offer beer, with or without consideration, to any minor, except within a private home and with the knowledge and consent of the parent or guardian of said minor.' * * * The

exception specifies the only place and the only conditions under which beer may lawfully be made available to a minor. Making beer available to a minor at any other place would violate the statute. The violator, making the beer available, need not be a permit holder. He may be any person."

Our previous opinions support the holding a separate and distinct offense is set out in the third portion of the paragraph heretofore quoted. Consequently we hold it was the intention and purpose of the statute to make it a violation to give, offer or make beer available to minors regardless of where the place may be, whether by a permit holder, and whether it is in a permit holder's place of business or by any of his employees or agents. This is, however, subject to the exception previously noted.

III. Counsel for the defendant, as one of the grounds incorporated in his motion for directed verdict, stated there was no evidence that beer was offered to the minors by the defendant. There is evidence on the part of one of the boys that he asked for two packs of a certain brand of beer and it was delivered to him. The delivery was observed and testified to by the other boy. We hold this was sufficient to raise a jury question whether beer was offered to the minors.

IV. It is the holding of this court it was the intention of the legislature to prevent, if possible, by the statute here under consideration the consumption of beer by a minor or minors, "except within a private home and with the knowledge and consent of the parent or guardian of said minor." The statute in question is a police measure for the protection of the public, particularly our young people. State v. Dahnke, 244 Iowa 599, 603, 57 N.W.2d 553, 556. And in the cited case we state at pages 602, 603 of the Iowa Report and page 555 of the Northwestern Reporter: "This is a penal statute and while we recognize the rule that such statutes are to be strictly construed, in construing them we should endeavor to give to them such a construction as will carry out the evident intent of the legislature [citing cases]." To give the statute in question the limited interpretation which the trial court did would not give the construction which would carry out the very apparent intent of the legislature.

For the reasons heretofore stated we hold the trial court was in error in directing a verdict for the defendant. Consequently the trial court is reversed under the conditions of section 793.20, 1954 Code.—Reversed.

All JUSTICES concur.