STATE of Iowa, Appellee,

v.

William Dale STRAW, Appellant.

No. 54425.

Supreme Court of Iowa.

April 9, 1971.

L. Don Snow and Dennis D. Damsgaard, Cedar Falls, for appellant.

Richard C. Turner, Atty. Gen., Max A. Gors, Asst. Atty. Gen., and David J. Dutton, County Atty., for appellee.

BECKER, Justice.

Defendant was charged by county attorney's information with the crime of sale of beer to a minor in that he "did unlawfully and willfully sell * * * to Thomas G. VanSyoc, a minor, * * *" contrary to section 124.20 of the Iowa Code. Trial to jury resulted in conviction. Defendant appeals. Reversed and remanded.

The facts are brief and largely uncontested. On March 31, 1970, Thomas VanSyoc was 16 years old, about 6 feet tall, weighed 190 pounds, wore his hair rather long and had a goatee and long sideburns.

At the time of the sale defendant was an employee of the Circle Tap. His main duties were preparation and serving of food but he sometimes sold beer to customers. He had been so employed for about three months and had been told not to guess at anybody's age but to check their identification.

VanSyoc simply walked in, asked to buy a six-pack of beer, received the beer and paid for it without being questioned as to his age. He testified he had been in the Circle Tap once about a year before and had only had a pizza at that time.

Defendant Straw said the reasons he sold the beer without questioning were that he recognized VanSyoc as a customer, had seen him in the place before (possibly 3 times), he thought defendant was 21 or over. When defendant saw VanSyoc at the bar he thought VanSyoc had been there for awhile and had been served before.

VanSyoc was working with the police at the time he bought the beer. He had an identification card with him that showed he was 16 years old. He was told to show the card if requested to do so and not to argue or importune if there was a refusal to sell the beer to him. No identification was requested.

I. The main controversies in this case center on a 1965 amendment to section 124.20(3), Code, 1971. The statute formerly prohibited sale of beer to minors without reference to knowledge on the part of the seller. Our construction of the statute (before amendment) left little doubt as to its meaning. In State v. Dahnke, 244 Iowa 599, 603, 57 N.W.2d 553, 556, we said:

" 'Section 124.20 provides that sale shall not be made to a minor. Section 124.37 makes a violation of the provisions of the chapter a misdemeanor. We think it was the intent of the legislature, and we hold that under section 124.20 lack of knowledge or of reasonable grounds to believe the minority of a purchaser or consumer, is no defense to a charge of a violation thereof.' "

The 1965 amendment caused the pertinent part of the statute to read: "No person shall knowingly sell, give, supply, or offer any alcoholic beverage or beer to any minor, except within a private home and with the knowledge and consent of the parent or guardian of said minor. * * *." Acts of the 61st General Assembly, chapter 150, § 4.

■ The statute as amended in 1965 requires more than knowledge that the sale was made (already required under State v. Schultz, 242 Iowa 1328, 50 N.W.2d 9); it also requires knowledge that the purchaser was under 21 years of age (not previously required under State v. Dahnke, supra). Knowledge that the person buying the beer is a minor is now an essential element of the crime.

■ II. Defendant contends there was insufficient evidence to generate a jury question as to knowledge of minority. We disagree. Under the record here the jury could find the youth of the purchaser was so apparent that defendant knew he was under 21. "The condition of the mind is rarely susceptible of direct proof but it depends upon many factors. It may be inferred from outward acts and attending circumstances." Leffler v. United States, 409 F.2d 44, 50, (8 Cir. 1969). II Wigmore on Evidence, § 245, p. 43 lists four general circumstances pointing to the probability a given person received a given mental impression. The first is direct exposure to the senses. Wigmore uses the following illustration:

" * * * for example, where A is charged with selling liquor to B, a minor, the appearance of B, as indicating A's knowledge of B's minority or his belief in B's maturity, was the fact brought before A, and the question is whether it would probably have informed him as to the further specific fact, namely, B's age."

Defendant's argument that the young man was about 6 feet tall, weighed 190 pounds, wore a goatee, long sideburns, long hair and had been seen in the tavern on prior occasions might well have convinced the jury. However, the jury did not have to accept the argument. They saw the young man and heard the circumstances under which the purchase was made. They could reject defendant's argument as to lack of knowledge and find him guilty. A jury question was generated.

In reaching this conclusion we are also aware of defendant's failure to take any action to bring himself within the factual

situation provided by the legislature in section 124.20(5) which provides in pertinent part:

"* * * If any minor shall misrepresent his or her age, and if the permit holder shall establish that he made reasonable inquiry to determine whether such prospective purchaser is a minor, the permit holder shall not be guilty of selling to a minor."

This subsection has never been interpreted and is not directly involved here. We do not pass on its various ramifications in cases where the evidence shows defendant brought himself within the statute. However, a defendant who does not comply with the opportunity afforded by the legislature is in a poor position to argue that the circumstantial evidence does not generate a jury question.

III. The court did not instruct that knowledge of the purchaser's minority was an essential element of the crime.[1] This error as discussed in Division IV was not properly brought to the attention of the trial court. However, the omission must be noted in connection with Instruction 7 to which proper objection was made. The sentence, "You have a right to infer that the defendant did knowingly that which he voluntarily did.", was the subject of objection. The court apparently paraphrased a similar instruction found in State v. Sauerbry, 233 Iowa 1076, 1081, 10 N.W.2d 544, 546, where the following instruction was approved:

" ' * * * you have a right to infer or presume he [defendant] intended to do that which he voluntarily did and that he intended the probable and natural results to follow his acts deliberately and intentionally done which ordinarily follow such acts, * * *.' "

■ All of the cases wherein this or similar instructions are found deal with inference of *intent* from voluntary action. The State argues the inference noted in such an instruction is good both as to *intent* and *knowledge*. We cannot agree. Although we have frequently equated knowledge with intent, Lolkus v. Vander Wilt, 258 Iowa 1074, 141 N.W.2d 600, 604, (1966); State v. Wallace, 259 Iowa 765, 145 N.W.2d 615, 620 (1966), the terms are not synonymous under all statutes and all fact situations. State v. Perry, 109 Iowa 353, 354, 80 N.W. 401 (1899); State v. Schultz, 242 Iowa 1328, 1332, 50 N.W.2d 9. State v. Perry, supra, involves a charge of "knowingly and willfully" resisting or opposing an officer in serving a writ. We said: " * * * An act may be knowingly done, and yet be unlawful, or it may be unlawful though done in ignorance. State v. Stalls, 37 Texas 440; State v. Arnold, 39 Texas, 74. It was not enough, to constitute the offense, to charge the opposition or resistance to have been willful. It must also have been with knowledge that the person resisted or opposed was an officer. Such

[1] "INSTRUCTION NO. 5: You are instructed that to warrant a verdict of guilty in this case, it is necessary for the State to prove by the evidence beyond a reasonable doubt two propositions:
"1. That the defendant did on or about the 31st day of March, 1970, knowingly sell beer to Thomas G. VanSyoc, and
"2. That on March 31, 1970, Thomas G. VanSyoc was under 21 years of age.
* * *.
"INSTRUCTION No. 7: You are instructed that the term, 'knowingly', as used in these instructions refers to a mental state or condition of the mind and is seldom if ever capable of direct positive proof, but is to be arrived at by such just and reasonable deductions or inferences from the acts and facts proved as the guarded judgment of a candid and cautious person would ordinarily draw therefrom.
"You have a right to infer that the defendant did knowingly that which he voluntarily did. * * *."

an averment was essential at common law. * * *."

 It is one thing to infer intent or willfulness from a voluntary action. It is quite another to infer knowledge from like action. Stated otherwise, action must be willful and intentional in order to be voluntary but a voluntary action is not necessarily a knowing or knowedgeable action. The sentence used in Instruction 7 was erroneous.

From the instructions as given the jury could conclude the State's only burden was to prove defendant knowingly sold the beer to VanSyoc and VanSyoc was under 21 at the time. The jury was not told that the State must prove defendant knew VanSyoc was under 21 years of age.

 IV. Since this case must be retried we note the following in regard to Instruction No. 5. Where an instruction marshals the essential elements of a crime and authorizes conviction if the elements listed have been proved beyond a reasonable doubt, all of the essential elements must be included in the marshalling instruction. Omission of an element even if included in another instruction is fatal. State v. Wilson, 234 Iowa 60, 89, 90, 11 N.W.2d 737, 751 (1943). We have very recently reiterated the same principal as to civil cases. Bauman v. City of Waverly, 164 N.W.2d 840, 845, 846, (Iowa 1969).

V. Defendant complained of the use of the words "willfully and unlawfully" instead of "knowingly" in the information. No demurrer was filed so the objection came too late. But defendant also argues that since willfully and unlawfully was used in the information the court erred in not using the same terms in the instruction. We disagree.

Use of the word knowingly in place of willfully and unlawfully did not change the way in which the crime was alleged to have been committed. Therefore State v. Hochmuth, 256 Iowa 442, 127 N.W.2d 658 does not apply. The statute, referred to in the information, includes the word knowingly and the element of scienter was an essential part of the instructions.

 The court instructed in the terms of the statute and consistent with the evidence. Use of the word knowingly (as in the statute) instead of willfully and unlawfully (as in the information) was not prejudicial. We note the court could have allowed amendment of the information in either form or substance at any time during trial. Iowa Code, 1971, section 773.48. Such an amendment as would be contemplated in connection with this issue would not have changed the charge to a different offense, prohibited by section 773.46. We are satisfied defendant was not mislead or prejudiced. For the reasons stated this case is remanded for retrial.

Reversed and remanded.

All Justices concur.