**STATE of Iowa, Appellee,**

v.

**Paul LELCHOOK, Appellant.**

**No. 54237.**

Supreme Court of Iowa.

May 5, 1971.

Wm. A. Shuminsky, Sioux City, for appellant.

Richard C. Turner, Atty. Gen., Edward F. Samore, County Atty., and J. Frank Duggan, Asst. County Atty., Sioux City, for appellee.

REES, Justice.

Defendant appeals from his jury conviction of selling beer to a minor in violation of section 124.20, Code, 1971. Defendant alleges trial court erred in overruling his motion to dismiss made at the end of the State's evidence and again at the end of all the evidence. Defendant also alleges error in the trial court's overruling a motion for new trial.

Defendant operates a grocery store in Sioux City, and on the date of the alleged commission of the offense was the holder of a Class "C" beer permit. Dean DeKoter was at the time of the offense 19 years old and in the process of taking a training course in the Sioux City Police Department. DeKoter was 6 feet 1¾ inches tall, and weighed 185 pounds on the evening of the crime. DeKoter accompanied the police to defendant's store in the evening of September 26, 1969. He was given two marked one-dollar bills and told to purchase a six-pack of beer. DeKoter walked into the store, went to the back, picked up the beer and went to the counter to pay for it. He handed defendant the two dollars and received change. There was no conversation between DeKoter and defendant, and DeKoter was not asked for any identification to prove his age. DeKoter did have in his possession a driver's license and a draft card, both of which showed his age to be 19.

DeKoter then left the store with the beer and met the police outside. The police then entered defendant's store and arrested him for selling beer to a minor.

Defendant contends he had no knowledge that DeKoter was not 21 years of age, and in fact judged him to be about 23.

I. A 1965 amendment to § 124.20(3), Code, 1971 added the word "knowingly" to the statute, which as amended reads: "No person shall knowingly sell, give, supply, or offer any alcoholic beverage or beer to any minor, except within a private home and with the knowledge and consent of the parent or guardian of said minor. No person shall knowingly permit any minor to purchase or consume any alcoholic beverage or beer on the premises of a class 'B' or class 'C' permit holder."

Prior to the 1965 amendment the statute was interpreted to mean that lack of knowledge of or reasonable grounds to believe the minority of a purchaser is no defense to a charge of violation of the statute. State v. Dahnke, 244 Iowa 599, 603, 57 N.W.2d 553, 556.

However, since the 1965 amendment this court has held in State v. Straw (Iowa), 185 N.W.2d 812 (filed April 9, 1971), that knowledge of the minority of the person buying beer is an essential element of the crime.

II. Defendant's motions to dismiss were grounded on the contention that the State had failed to prove defendant knew that DeKoter was under 21 years of age when he purchased beer from defendant. This basic contention was restated in defendant's motion for a new trial which alleged no evidence to show defendant had knowledge of the purchaser's minority.

Also contained in the motion for new trial is the allegation that defendant was not awarded a fair trial in that the court *failed* to *instruct* that knowledge of the minority of a beer purchaser is an essential element of the offense defined in section 124.20(3), Code, 1971.

III. On the issue of the sufficiency of the evidence to show defendant's knowledge of the purchaser's minority, State v. Straw, supra, held that a jury question is generated when the minor-purchaser testifies and the jury observes him as a witness.

The jury is then free to consider its own perception as to the minor's appearance or to believe the defendant's testimony as to why defendant thought the purchaser was not a minor.

In our case, DeKoter testified and the jury could observe him and hear a description of the circumstances of the purchase. Therefore, under State v. Straw, there was sufficient evidence to generate a jury question as to defendant's knowledge of DeKoter's minority.

■ IV. With regard to defendant's assertion of error contained in the motion for new trial that refers to the trial court's failure to instruct the jury that defendant's knowledge of the minority of the beer-purchaser is an essential element of the case, we first consider the content of the relevant instructions.

Instruction nine given by the trial court, reads, " * * * if the State has proven to you beyond a reasonable doubt that Dean DeKoter was a minor on the 26th day of Sept. 1969, and that the defendant * * *, did knowingly on or about that date in Woodbury Co., * * * sell beer to the said Dean DeKoter, on the premises for which a Class C beer permit was issued, then you will find the defendant guilty as charged by the Indictment."

This instruction is erroneous in that it does not instruct the jury that an essential element of the crime is the defendant's knowledge that the beer-purchaser was a minor. State v. Straw, supra.

■ Defendant did not object to the giving of this instruction, nor did he request additional instructions to cure the error he had theretofore in the trial been persistent in pointing out. However, defendant's reference to the failure to instruct on the issue of defendant's knowledge of the purchaser's minority in the motion for new trial is sufficient to preserve the error for our appellate review. In this regard, § 787.3, Code, 1971, provides that the court may grant a new trial for failure to properly instruct the jury or for a misdirection of the jury in a material matter of law. This code section permits objections to instructions in a criminal case to be raised in the motion for new trial. Objections need not be made before the instructions are read to the jury as is required in a civil case. State v. Brown (Iowa), 172 N.W.2d 152, 159; State v. Franklin (Iowa), 163 N.W.2d 437, 441.

Therefore, although the statement of error was not as specific as it could have been, it was adequate to preserve the error in the instructions and allow us to consider the issue on review.

■ V. Defendant also alleges that the court erroneously allowed evidence to be introduced to the effect that there had been previous complaints to the police about defendant's selling beer and cigarettes to minors. Defendant objected to this evidence on the grounds that it was hearsay and related to allegations against defendant in no way connected with the offense for which he was on trial.

The evidence objected to was inadmissible as evidence relating to other crimes than that with which defendant is charged. State v. Rand, 238 Iowa 250, 264, 25 N.W.2d 800, 807. The evidence here does not fall within any of the exceptions to the rule of inadmissibility, such exceptions being listed in State v. Wilson (Iowa), 173 N.W.2d 563, 566, and cases cited therein.

VI. Because of the errors in instructing the jury and in admitting evidence as above, this case is reversed and remanded.

Reversed and remanded.

All Justices concur, except REYNOLDSON, J., who takes no part.