# IN THE COURT OF APPEALS OF IOWA

No. 19-1764
Filed July 22, 2020

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**ANTONIO ALBERTO HERNANDEZ,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Mark R. Lawson, Judge.

Antonio Hernandez challenges the sufficiency of the evidence supporting his conviction for first-degree burglary. **AFFIRMED**.

Lauren M. Phelps, Hudson, Florida, for appellant.

Thomas J. Miller, Attorney General, and Israel Kodiaga, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., Ahlers, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**AHLERS, Judge.**

The State charged Antonio Hernandez with first-degree burglary, claiming Hernandez entered his ex-girlfriend's apartment through a bedroom window without permission and with intent to assault one or more of the occupants. The State further alleged that, upon entering the apartment, Hernandez assaulted all three occupants of the apartment, specifically his ex-girlfriend, Hernandez's cousin, and the cousin's acquaintance, causing bodily injury to all three. Hernandez was stabbed with a knife by the cousin's acquaintance during the altercation. The jury found Hernandez guilty of first-degree burglary.[1] Hernandez appeals, challenging the sufficiency of the evidence supporting several elements of the offense.

## I.     The Law of the Case.

At trial, the jury was given the following marshaling instruction[2] for first-degree burglary:

> The State must prove all of the following elements of Burglary in the First Degree:
> 1.      On or about the 21st day of May, 2019, the defendant broke into or entered [the specified residence], Davenport, Iowa.
> 2.      The residence was an occupied structure as defined in Instruction No. 25.
> 3.      One or more persons were present in the occupied structure.
> 4.      The defendant did not have permission or authority to break into or enter the residence.
> 5.      The residence was not open to the public.

---

[1] *See* Iowa Code §§ 713.1 (defining burglary), 713.3 (defining burglary in the first degree) (2019).

[2] A "marshaling instruction" is a jury instruction that brings together and effectively orders all elements the party with the burden of proof must establish in order to prevail. *See, e.g.*, *State v. Straw*, 185 N.W.2d 812, 816 (Iowa 1971) (addressing marshaling instructions in a criminal case); *Bauman v. City of Waverly*, 164 N.W.2d 840, 845 (Iowa 1969) (addressing marshaling instructions in a civil case).

6.      The defendant did so with the specific intent to commit an assault.

7.      During the incident, the defendant intentionally or recklessly inflicted bodily injury on [the ex-girlfriend], [the cousin's acquaintance] and/or [the cousin].

If the State has proved all of the elements the defendant is guilty of Burglary in the First Degree. If the State has failed to prove any one of the elements, the defendant is not guilty of Burglary in the First Degree and you will then consider the charge of Attempted Burglary in the First Degree as explained in instruction No. 17.

Hernandez did not object to this instruction at trial or on appeal. Therefore, the instruction becomes the law of the case. *See State v. Canal*, 773 N.W.2d 528, 530 (Iowa 2009) (holding when the defendant does not object to instructions given to the jury, "the jury instructions become the law of the case for purposes of our review of the record for sufficiency of the evidence"). On appeal, Hernandez challenges the sufficiency of the evidence supporting the first, fourth, sixth, and seventh elements.

## II.      Error Preservation.

Before turning to the merits of Hernandez's claims, we must first address an issue of error preservation. Error is preserved on a claim of insufficient evidence by making "a motion for judgment of acquittal at trial that identifies the specific grounds raised on appeal." *State v. Truesdell*, 679 N.W.2d 611, 615 (Iowa 2004).

Here, Hernandez made a motion for judgment of acquittal at the close of the State's case as follows:

At this time we would make a motion for judgment of acquittal. In reviewing the evidence the State's presented in the light most favorable to the State, which is the legal basis the Court has to follow, it is clear that the State has failed to prove that Mr. Hernandez burglarized anything. It was not clear that he was—wasn't made clear by the State that he wasn't welcome there, he'd been there

many times after the trespass order, and the State has not shown any intention to commit an assault or a felony or a theft therein. Mr. Hernandez was a victim. He was jumped, he was ambushed, he's not a burglar. The case should be dismissed.

The district court denied the motion. At the close of all evidence, Hernandez renewed his motion as follows:

Once again, we renew our motion we made prior to the presentation of the defense case and close of the State's case. State has failed to meet their evidentiary burden. In reviewing the evidence most favorable to the State, the State has failed to prove that he broke in. In fact, he walked in, used his key to get in. He did not have the intent to commit a felony, theft, or assault therein. For those reasons, case should be dismissed.

The district court denied this motion as well.

The State asserts Hernandez's motions failed to preserve error on his challenge to the seventh element of the offense (i.e., Hernandez intentionally or recklessly inflicted bodily injury on another). We agree. Error is not preserved on a sufficiency-of-the-evidence issue when the defendant makes a motion for judgment of acquittal "but fails to identify specific elements of the charge not supported by the evidence." *State v. Albright*, 925 N.W.2d 144, 150 (Iowa 2019). While Hernandez made a fairly detailed motion for judgment of acquittal, nowhere in that motion did Hernandez challenge the sufficiency of the evidence related to inflicting bodily injury. This is not a case where the grounds for the motion were obvious or understood. *See id.* (noting an exception to the error-preservation rule when grounds for a motion for judgment of acquittal are "obvious and understood by the trial court and counsel" (quoting *State v. Williams*, 695 N.W.2d 23, 27 (Iowa 2005))). Therefore, Hernandez has not preserved error with respect to the seventh element, and we will not address it.

**III.    Standard of Review**.

Claims of insufficient evidence are reviewed for correction of legal error. *State v. Schiebout*, 944 N.W.2d 666, 670 (Iowa 2020).  "We will uphold the verdict on a sufficiency-of-evidence claim if substantial evidence supports it."  *Id*. "Evidence is substantial 'if, when viewed in the light most favorable to the State, it can convince a rational jury that the defendant is guilty beyond a reasonable doubt.'"  *Id*. (quoting *State v. Trane*, 934 N.W.2d 447, 455 (Iowa 2019)).

**IV.    Discussion**.

We now turn to the merits of Hernandez's challenges to the sufficiency of the evidence supporting the three elements for which error was preserved.

**A.    Breaking or Entering**.

Hernandez's challenge to the sufficiency of the evidence on the "breaking" or "entering" element is meritless on its face, as both in his testimony and in his brief, Hernandez admitted entering the apartment at issue.  It was not necessary for the State to prove Hernandez "broke" into the apartment, as proof of entry was enough.  *See State v. McCall*, 754 N.W.2d 868, 873 (Iowa Ct. App. 2008) (noting "breaking" and "entering" under burglary law embody each other and "breaking" in the law of burglary means "the act of *entering* a building without permission." (quoting Black's Law Dictionary 201 (8th ed. 2004))).   Furthermore, even if "breaking" alone had been required, Hernandez provided sufficient evidence of this element, as he testified he entered through the front door.[3]  Based on Hernandez's

---

[3] Jury instruction number 23 stated: "The term 'breaks' or 'broke' means removing or putting aside any obstruction to enter a structure.  No damage need result to the property.  For example, the pushing open of an unlatched or partially-opened door to gain entry would be 'breaking' within the meaning of the law."

admissions, sufficient evidence supports the verdict on this element.

**B.     Permission or Authority**.

Hernandez makes various arguments supporting his claim he had permission or authority to enter the apartment, including claims his ex-girlfriend impliedly invited him over on the night at issue.  Hernandez's arguments were appropriate ones to make to the jury to try to persuade the jury this element was not satisfied.  *See State v. Thornton*, 498 N.W.2d 670, 673 (Iowa 1993) ("The jury is free to believe or disbelieve any testimony as it chooses and to give weight to the evidence as in its judgment such evidence should receive.").  However, they are not persuasive under our standard of review, which requires us to view the evidence in the light most favorable to the State.

It is undisputed Hernandez was personally served with a trespass notice nearly two months before the incident at issue.  That trespass notice permanently prohibited Hernandez from being at the apartment.  Furthermore, while Hernandez's ex-girlfriend acknowledged text and/or phone conversations with Hernandez shortly before Hernandez arrived at the apartment, she unequivocally testified she repeatedly told Hernandez not to come to the apartment.  This evidence was sufficient to convince a rational jury that this element had been established beyond a reasonable doubt.

**C.     Intent to Assault**.

Hernandez argues the State failed to prove he intended to commit an assault at the time he entered the apartment.  *See State v. Lambert*, 612 N.W.2d 810, 813 (Iowa 2000) (holding in order to sustain a burglary conviction the State must prove the accused formed the intent to commit an assault at the time of entry).

To support his argument, Hernandez relies primarily on his own testimony and claimed inconsistencies in the testimony of the three occupants of the apartment. However, Hernandez's testimony was contradicted by the testimony of the three occupants of the apartment. Assessing the credibility of the witnesses was the responsibility of the jury. *See State v. Nitcher*, 720 N.W.2d 547, 556 (Iowa 2006) (noting the jury is free to reject certain evidence and credit other evidence). On a sufficiency-of-the-evidence review, "[i]t is not the province of the court . . . to resolve conflicts in the evidence, to pass upon the credibility of witnesses, to determine the plausibility of explanations, or to weigh the evidence; such matters are for the jury." *State v. Musser*, 721 N.W.2d 758, 761 (Iowa 2006) (quoting *State v. Williams*, 695 N.W.2d 23, 28 (Iowa 2005)).

Viewed in the light most favorable to the State, as we are required to do, Hernandez entered the upstairs apartment through a bedroom window rather than through the door, suggesting an effort to surprise the occupants. This would have required him to climb a tree to gain access to the roof of the duplex before entering the bedroom window. Upon entering the bedroom, he was observed by the three occupants, one of whom described his demeanor as livid. Immediately upon entering the apartment, he approached his ex-girlfriend and punched her in the face. Next, he yelled at his cousin, calling her "an unloyal bitch," and lunged at her with such force that the chair the cousin was sitting in was broken. These details constituted substantial evidence supporting the jury's verdict finding that Hernandez entered the apartment with the intent to commit an assault. The fact the competing evidence upon which Hernandez focuses could have supported a different verdict does not negate the fact there was substantial evidence supporting

the verdict actually reached. *See Brokaw v. Winfield-Mt. Union Cmty. Sch. Dist.*, 788 N.W.2d 386, 393 (Iowa 2010) ("Evidence is not insubstantial merely because we may draw different conclusions from it; the ultimate question is whether it supports the finding actually made, not whether the evidence would support a different finding." (quoting *Raper v. State*, 688 N.W.2d 29, 36 (Iowa 2004))).

## V.     Conclusion.

Finding substantial evidence supports the jury's verdict finding Hernandez guilty of first-degree burglary, we affirm the district court.

**AFFIRMED.**